1  Walter J. Lack (CA SBN 57550)
2  Daniel G. Whalen (CA SBN 126487)
   Paul A. Traina (CA SBN 155805)
3  Gregory P. Waters (CA SBN 241782)
   ENGSTROM, LIPSCOMB & LACK, P.C.
4  10100 Santa Monica Boulevard, 12th Floor
   Los Angeles, California  90067-4107
5  Telephone: (310) 552-3800
   Fax: (310) 552-9434

                                        e-filed 10/28/09
                                        JS-6

6  Attorneys for Plaintiff, James Lee Finseth

7
8  Brian S. Kabateck (CA SBN 152054)
   Richard L. Kellner (CA SBN 171416)
   Alfredo Torrijos (CA SBN 222458)
9  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
10 Los Angeles, California  90017
   Telephone: (213) 217-5000
11 Facsimile: (213) 217-5010

12 Attorneys for Plaintiffs, Chris McElroy and Todd Matzke

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15 JAMES LEE FINSETH, Individually and     Case No. CV 08-01247 PSG (VBKx)
   on Behalf of All Others Similarly       Case No. CV 08-01537 PSG (VBKx)
16 Situated,
                                           HONORABLE PHILIP S. GUTIERREZ
17            Plaintiff,
                                           [~~PROPOSED~~] **JUDGMENT ON CLASS**
18      v.                                 **ACTION SETTLEMENT**

19 NETWORK SOLUTIONS LLC, a
   Limited Liability Company,
20
              Defendant.
21 ─────────────────────────────
   CHRIS McELROY, on Behalf of
22 Himself and All Others Similarly
   Situated, TODD MATZKE, on Behalf of
23 Himself and All Others Similarly
   Situated,
24
              Plaintiffs,
25
        v.
26
   NETWORK SOLUTIONS LLC, a
27 Delaware Limited Liability Company;
   INTERNET CORPORATION FOR
28 ASSIGNED NAMES AND NUMBERS,

1   a California non-profit Corporation; and
DOES 1 through 250, inclusive;

2               Defendants.

3

4      This matter having been before the Honorable Philip S. Gutierrez, presiding,

5  for final approval of class action settlement and an Order granting final approval

6  having been entered,

7      IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

8      1.    This Court has jurisdiction over the subject matter of the Litigation

9  and over all parties to the Litigation, including all Members of the Class.

10     2.    This Court confirms as final its preliminary certification, pursuant to

11  Rule 23 of the Federal Rule of Civil Procedure, of the Settlement Class for the

12  purposes of settlement, including two sub-classes which are defined as follows:

13           a.    All users who searched for the availability of a domain name

14                  through Network Solutions' website during the period

15                  December 14, 2007 through March 15, 2008, and who

16                  purchased a Settlement Registration through Network Solutions

17                  during the same internet session in which the user searched for

18                  the domain name with Network Solutions, and who have not

19                  already received a full refund for the Settlement Registration,

20                  which includes a total of approximately 62,661 domain name

21                  registrations (the "Same-Session Purchasing Sub-Class"); and

22           b.    All users who searched for the availability of a domain name

23                  through Network Solutions' website during the period

24                  December 14, 2007 through March 15, 2008 and who

25                  purchased a Settlement Registration through Network Solutions

26                  during a different internet session within four (4) days of

27                  having conducted the original domain name search for that

28

domain name with Network Solutions and who have not already received a full refund for the Settlement Registration, which includes a total of approximately 50,433 domain name registrations (the "Four-Day Purchasing Sub-Class").

3.     The Class Notice sent to Class Members by e-mail, and supplemental by U.S. Mail to those Class Members who did not have valid e-mail addresses at the time of the Notice, pursuant to the Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

4.     The Stipulation and Agreement of Settlement and the terms set forth therein are incorporated in this Judgment by reference.  A copy of the Stipulation and Agreement of Settlement is attached to this Order as Exhibit 1.  The Court finds that the Stipulation and Agreement of Settlement and its terms are fair, just, reasonable and adequate in all respects.  The Court specifically finds that the settlement is rationally related to the strength of plaintiffs' and Class members' claims given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Stipulation and Agreement of Settlement is the result of arms-length negotiation between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation.

5.     This Court further finds that the response of the Class to the settlement supports settlement approval.  Of the 113,094 Class members who received notice, only one objected and only 16 opted out of the settlement.  Further, no objection has been filed by any State or Federal official given notice pursuant to 28 U.S.C. §1715.

6.     The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted.  The

**[PROPOSED] JUDGMENT ON CLASS ACTION SETTLEMENT**

1    mechanisms and procedures set forth in the Stipulation and Agreement of
2    Settlement by which payments are to be calculated and made to Class members are
3    fair, reasonable, and adequate, and payment shall be made according to those
4    allocations and pursuant to the procedure set forth in the Stipulation and
5    Agreement of Settlement.

6        7.    The Court also finds that the Representative Plaintiff's counsels'
7    request for attorneys' fees and reimbursement of costs in the amount of
8    $171,994.00 is just and reasonable, warranting approval. The Court permits SSV
9    Live Foods, LLC to withdraw its Objection to the Settlement and approves the
10   award of attorney's fees to SSV Live Foods, LLC in the amount of $15,000, which
11   the Court finds reasonable.

12       8.    The Court confirms as final the appointment of Plaintiffs Chris
13   McElroy, Todd Matzke and James Lee Finseth as class representatives, as stated in
14   the Order Granting Preliminary Approval.

15       9.    The Court confirms as final the appointment of the law firms of
16   Engstrom, Lipscomb & Lack, P.C. and Kabateck Brown Kellner LLP as Class
17   Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

18       10.    A full opportunity having been offered to Class members to
19   participate in the Settlement Hearing, it is hereby determined that all Class
20   members, other than those persons and entities who have requested exclusion from
21   the Class in accordance with the terms of the Notice, as set forth in Exhibit 2 to
22   this Judgment, are bound by this Judgment and their claims released pursuant to
23   the Stipulation and Agreement of Settlement are dismissed with prejudice.

24       11.    Without affecting the finality of this Judgment in any way, this Court
25   hereby retains continuing jurisdiction over: (a) enforcing the Settlement
26   Agreement; (b) addressing settlement administration matters; (c) all parties for the
27   purpose of construing, enforcing and administering the Stipulation and the
28

325108                                          4
**[PROPOSED] JUDGMENT ON CLASS ACTION SETTLEMENT**

1  Judgment; and addressing such post-Judgment matters as may be appropriate under

2  court rules or applicable law.

3

4  DATED: _10/29/09_____

        _____
        JUDGE PHILIP S. GUTIERREZ
5       UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## STIPULATION AND AGREEMENT OF SETTLEMENT

### SECTION ONE – RECITALS

1.        This Stipulation and Agreement of Settlement (hereinafter "Settlement Agreement")
is made by and between, subject to the approval of this Court, the following parties: Plaintiffs
Chris McElroy (hereinafter "McElroy"), Todd Matzke (hereinafter "Matzke") and James Lee
Finseth (hereinafter "Finseth") (hereinafter, collectively, "Class Representatives" or "Plaintiffs"),
on behalf of themselves and those people who purchased a Settlement Registration (as defined
herein) (hereinafter the "Class," as further defined in Section 3(2) of this Settlement Agreement),
on the one hand, and Defendant Network Solutions LLC (hereinafter "Network Solutions") on
the other hand.

2.        Plaintiffs initiated two lawsuits as putative class actions.  On February 25, 2008,
McElroy filed a Class Action Complaint against Network Solutions and ICANN in the United
States District Court for the Central District of California (hereinafter the "Court"), Case No. CV
08-01247 PSG (VBKx), (hereinafter the "McElroy Action").  A First Amended Class Action
Complaint was then filed on April 14, 2008 by McElroy and Matzke, again seeking to represent
the same class of individuals.  On March 5, 2008, Finseth filed a Complaint against Network
Solutions, also in the United States District Court for the Central District of California, Case No.
CV 08-01537 PSG (VBKx), (hereinafter the "Finseth Action").  On April 18, 2008, a First
Amended Complaint was filed by Finseth, again seeking to represent the same class of
individuals.  On April 22, 2008, the Finseth Action was transferred to the same court before
which the McElroy Action was pending, and the two actions were deemed related cases
(hereinafter collectively the "Litigation").

3.        Through the respective and operative complaints, the Litigation alleges that Network
Solutions failed to disclose to its customers that Network Solutions would automatically register
in Network Solutions' own name for a limited time any domain name for which a name
availability search was made (referred to by Network Solutions and hereafter as its "purported
Customer Protection Measure"), thereby purportedly forcing customers to register their domain
names with Network Solutions.  Through the respective and operative complaints, the Litigation

OHS West:260618992.2

alleges that Network Solutions committed unfair business practices prohibited by California
Business and Professions Code §§ 17200 *et seq,*, fraud, deceit and negligence and benefited from
unjust enrichment.

4.        On December 14, 2007, Network Solutions began technical testing of its purported
Customer Protection Measure, and then launched the purported Customer Protection Measure on
its website on January 7, 2008, to protect customers from domain name front-running by
reserving queried domain names for up to four days.  On March 15, 2008, Network Solutions
deployed a feature that required customers to opt into the purported Customer Protection
Measure in order to take advantage of it.  On June 26, 2008, Network Solutions stopped offering
the purported Customer Protection Measure due to changes in the industry that Network
Solutions believed would curtail the front-running problem.

5.        During the months following the filing of the McElroy Action and Finseth Action, all
parties expended substantial amounts of time, energy and resources to investigate and develop
their respective positions.  Based on their prosecution of this case and their independent
evaluation, counsel for the Class are of the opinion that settlement with Network Solutions for
the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable and
adequate, and is in the best interest of the Class in light of all known facts and circumstances,
including the risk of delay, defenses asserted by Network Solutions and potential appellate
issues.

6.        Network Solutions has denied and continues to deny each of the claims alleged by
Plaintiffs and the Class.  Network Solutions has asserted and continues to assert defenses thereto,
and has expressly denied and continues to deny any wrongdoing or legal liability arising out of
any of the facts or conduct alleged in the Litigation.  Network Solutions has also denied and
continues to deny, *inter alia,* that the Plaintiffs and the Class have suffered damage, that Network
Solutions failed to disclose its purported Customer Protection Measure, that Network Solutions
committed fraud, that the acts complained of constituted unfair business practices under
California's Unfair Competition Law, that Network Solutions engaged in any wrongful conduct
as alleged in this case or that the Plaintiffs or the Class were harmed by the conduct of Network
Solutions as alleged in the Litigation.  Neither this Settlement Agreement, nor any document

Page 2 of 20

referred to or contemplated herein, nor any action taken to carry out this Settlement Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Network Solutions of any fault, wrongdoing or liability whatsoever.

7.       Network Solutions has concluded that any further defense of this litigation would be protracted and expensive for all parties hereto. Substantial amounts of Network Solutions' time, energy and resources have been and, absent this Settlement Agreement, will continue to be devoted to the defense of the claims asserted by Plaintiffs in the Litigation. Network Solutions has also assessed the risk of a finding against it and the monetary exposure faced by it and has taken into account the settlement negotiations to date. Network Solutions has therefore agreed to settle in the manner and on the terms set forth in this Settlement Agreement to put to rest the claims set forth by Plaintiffs.

## SECTION TWO – DEFINITIONS

The following are certain definitions applicable to this Settlement Agreement. Definitions contained elsewhere in the body of this Settlement Agreement shall also be effective:

1.       "Claim" means a claim made by a Settlement Class Member for a Settlement Award.

2.       "Day" means calendar day, unless expressly stated to be otherwise.

3.       "Defendant" or "Network Solutions" means Network Solutions LLC and all persons acting on its behalf, including but not limited to its officers, directors, agents, employees and representatives.

4.       "Effective Date" means the date by which all of the following has occurred:  (i) this Settlement is finally approved by the Court; and (ii) the Court's Order Approving Class Settlement and Dismissing the Class Action with Prejudice ("Final Judgment") becomes Final.

5.       "Final" means the latest of: (i) if there is an appeal of the trial court's judgment in the Litigation, the date of final affirmance on an appeal, the date of dismissal of such appeal, the expiration of the time for a petition for review of such appeal by the Ninth Circuit Court of Appeals of any appeal, and, if review is granted, the date of final affirmance of the trial court

OHS West:260618992.2

judgment following review pursuant to that grant; or (ii) if there is a petition for writ of certiorari to the U.S. Supreme Court, the date of denial of such petition or the date of affirmance of the trial court judgment pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal from the trial court's Final Judgment.

6.  "Final Approval Hearing" means the hearing to be conducted by the United States District Court for the Central District of California to determine whether to finally approve and implement the terms of this Agreement.

7.  "Parties" means Plaintiffs and Network Solutions.

8.  "Plaintiffs' Attorneys' Fees" means the amount awarded to Plaintiffs' Attorneys by the Court (or other court taking jurisdiction of this matter) for prosecuting the Litigation.

9.  "Plaintiffs' Attorneys" means the law firms of Kabateck Brown Kellner LLP and Engstrom, Lipscomb & Lack, P.C.A.

10.  "Settlement" means the settlement of this Litigation as delineated and effectuated by this Settlement Agreement.

11.  "Settlement Award" means the settlement payments or Settlement Credits to be paid to individual Settlement Class Members by Network Solutions.

12.  "Settlement Class" means those persons who are members of the Class who have not properly and timely opted out of the Litigation.

13.  "Settlement Class Member" means any person who is included in the Settlement Class.

14.  "Settlement Credit" means an entitlement to a $6 credit from Network Solutions applicable to any Network Solutions service purchased on the Network Solutions website, valid for one year from the date of the issuance of the credit.

15.  "Settlement Period" means December 14, 2007, through March 15, 2008.

OHS West:260618992.2

16.     "Settlement Registration" means a domain name registration purchased through Network Solutions where the domain name was (a) searched for on the Network Solutions web site during the Settlement Period; (b) reserved by Network Solutions; and (c) then registered with Network Solutions either within the same session that the domain name was searched for or within four (4) days of the domain name having been searched for via Network Solutions' web site.

## SECTION THREE – CLASS STRUCTURE

1.     The Parties stipulate and agree to the certification of a Class for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become Final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Litigation and shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in any other lawsuit involving Network Solutions.  Network Solutions expressly reserves its rights to oppose class certification should this Settlement not become Final.

2.     The Class shall consist of two sub-classes:

     a.     All users who purchased a Settlement Registration through Network Solutions during the same internet session in which the user searched for the domain name through Network Solutions and who have not already received a full refund for the Settlement Registration, which includes a total of approximately 62,661 domain name registrations (hereinafter the "Same-Session Purchasing Sub-Class"); and

     b.     All users who purchased a Settlement Registration through Network Solutions during a different internet session within four (4) days of having conducted the original domain name search for that domain name through Network Solutions and who have not already received a full refund for the Settlement Registration, which includes a total of approximately 50,433 domain name registrations (hereinafter the "Four-Day Purchasing Sub-Class").

OHS West:260618992.2

## SECTION FOUR – SETTLEMENT TERMS

1.       It is agreed by and among the Parties that the Litigation and any claims, damages or causes of action arising out of the dispute which is the subject of the Litigation, and were or could have been asserted in the Litigation, be settled, compromised or dismissed as between the Class, individual class members, class representative Plaintiffs and Network Solutions, subject to the terms and conditions set forth in this Settlement Agreement and the approval of the Court.

2.       **The Settlement Effective Date:**  The settlement embodied in this Settlement Agreement shall become effective as of the Effective Date.

3.       **Settlement Award:**  In consideration for the settlement and release of claims of the Class, Class members and class representative Plaintiffs against Network Solutions, Network Solutions agrees to pay a settlement award as follows, with this amount being the sole financial obligation of Network Solutions under this Settlement Agreement, except as expressly stated in this Settlement Agreement:

   a.    <u>Settlement Class Member Awards.</u>  Each member of the Class who does not opt-out of the Settlement Agreement will be eligible to receive a share of the Settlement Award based upon both the sub-class of the Class to which they belong and their number of eligible Settlement Registrations, in the following manner:

       (1)      Same-Session Purchasing Sub-Class: one Settlement Credit for each Settlement Registration purchased through Network Solutions during the same session in which the user searched for that domain name on Network Solutions' web site. In no event shall the Settlement Credits to members of this Sub-Class exceed a value of $375,966.

       (2)      Four-Day Purchasing Sub-Class: $9.91 for each Settlement Registration purchased through Network Solutions within four (4) days after the session in which the user searched for that domain name on Network Solutions' web site.  In no event shall the total payment to members of this Sub-Class exceed $500,000.

b.    Attorneys' Fees and Costs.  Plaintiffs' Attorneys will apply to the Court for payment of $171,994 in attorneys' fees, expenses and costs.  This amount is calculated as: (i) twelve-and-a-half percent (12.5%) of the value of the Settlement Credits Network Solutions agrees to provide to the Same-Session Purchasing Sub-Class; plus (ii) twenty-five percent (25%) of the settlement amount Network Solutions agrees to pay to the Four-Day Purchasing Sub-Class. This amount is to be allocated among Plaintiffs' Attorneys as they see fit. Network Solutions will not oppose any application by Plaintiffs' Attorneys for an award of attorneys' fees that are less than or equal to $171,994. Any attorneys' fees approved by the Court will be paid directly to Plaintiffs' Attorneys within thirty (30) days of the Settlement Effective Date.

## SECTION FIVE – NOTICE TO THE CLASS

1.      **Timing of Notice:**  The Parties shall jointly file this Agreement with the Court in conjunction with the Parties' Motion for Preliminary Approval, which shall be drafted by Plaintiffs and approved by Network Solutions, and supporting papers.  Any dispute regarding forms of notices and other documents necessary to implement the Settlement contained in this Settlement Agreement, if not timely resolved among the Parties, shall be referred to the Court. Within thirty (30) days of the Court entering an order granting Preliminary Approval of the proposed Settlement, Network Solutions shall send a Notice of Proposed Class Action Settlement and Hearing Date for Court Approval ("Notice") to all members of the Class.

2.      **Form of Notice:**  The Notice shall be in the form attached hereto as Exhibits A and B (one Notice for each of the two sub-classes), as set forth in the proposed notices submitted by the Parties with their Motion for Preliminary Approval, with any modification ordered by the Court. The Notice shall inform Class members of the nature of this Settlement and to which sub-class of the Class they belong.  The Notice shall include a statement of the steps the individual must take to object to the settlement or opt out of the Class, including all applicable deadlines, as set forth in Section Six below.

3.      **Method of Sending Notice:**  As all members of the Class are or were Network Solutions customers, Network Solutions shall use the contact information on record for each Class member to send them Notice pursuant to the following terms:

a.  Notice via E-Mail.  Network Solutions shall send Notice to each member of the Class at the account holder e-mail address on record in Network Solutions' customer database for that Class member.  In its option, Network Solutions may resend the Notice by e-mail to ensure delivery.  No further notice by mail will be required.

## SECTION SIX – CLAIMS, OBJECTIONS AND OPT-OUTS

1.     **Claims:**  Each of the Members of the Settlement Class has previously provided an email address and name to Network Solutions.  Members of the Settlement Class are therefore not required to file any claim in order to receive their share of the Settlement Award.

2.     **Objecting To the Settlement:**  The Notice shall provide that the members of the Class who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement and indicating their intent to appear at the Court's Final Approval Hearing.  Such written statement and notice must be filed with the Court and served on counsel for the Parties within forty-five (45) days after the Notice is sent to the Class (hereinafter the "Objection/Exclusion Deadline").  No member of the Class shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to otherwise object to the Settlement, and no written objections or briefs submitted by any member of the Class shall be received or considered by the Court for the Final Approval Hearing unless written notice of the Class member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been filed with the Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline.  Class members who fail to file and serve timely written objection in the manner specified herein shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to the Settlement Agreement.  No later than twenty (20) court days before the Final Approval Hearing, Network Solutions shall provide Plaintiffs' Attorneys with a complete and accurate list of all Class members who have timely objected to the Settlement.  In the event that one or more members of the Class have timely objected to the Settlement, no later than ten (10) court days before the Final Settlement Hearing, Plaintiffs shall file a memorandum of points and authorities in support of the Settlement.

OHS West:260618992.2

3. **Exclusion from the Settlement by Opting Out:** The Notice shall provide that the members of the Class who wish to exclude themselves from the Settlement must opt out of this action by submitting a written statement requesting exclusion from, or opting out of, the Settlement Class no later than the Objection/Exclusion Deadline (hereinafter the "Opt-Out Statement") pursuant to the following terms:

a. Form of the Opt-Out Statement. Any Opt-Out Statement filed by a member of the Class must contain the name, address, and telephone number of the person requesting exclusion. The Opt-Out Statement must also, at a minimum, contain the following language and to the extent that a Class member submits an Opt-Out Statement with language that differs from the following, all Parties reserve the right to seek review of the Court to have the Opt-Out Statement declared valid or invalid:

> I wish to opt out of the settlement of *McElroy v. Network Solutions, et al.* (United States District Court for the Central District of California Case No. CV 08-01247) and *Finseth v. Network Solutions* (United States District Court for the Central District of California, Case No. CV 08-01537). I understand that by requesting to be excluded from the settlement I will receive no settlement award under the terms of the Settlement Agreement entered into by Network Solutions. I understand that if I am excluded from the class settlement, I may bring a separate action. I understand that in any separate lawsuit, I may receive nothing or less than I would have if I had not opted-out out of receiving a settlement award pursuant to the Settlement Agreement.

b. Filing of the Opt-Out Statement. Any Opt-Out Statement filed by a member of the Class must be returned by mail to counsel for Network Solutions at the specified address, and must be postmarked on or before the Objection/Exclusion Deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an Opt-Out Statement has been timely submitted. Network Solutions shall stamp the date received on the original of any Opt-Out Statement and serve copies of the Opt-Out Statement on Plaintiffs' Attorneys counsel not later than five (5) business days after receipt thereof, and shall file the date-stamped original of any Opt-Out Statements with the Clerk of the Court not later than ten (10) court days prior to the date set for the Final Approval Hearing. All Class members who do not timely opt out of the proposed Settlement shall be bound by the resolution of any and all issues arising in connection with Settlement Class claims for monetary relief, including for

OHS West:260618992.2

attorneys' fees and costs.

4.      **No Solicitation of Objections or Exclusions:** The Parties agree that neither they nor their counsel will solicit or otherwise encourage directly or indirectly Class members to object to the Settlement, to opt out from the Class or to appeal from the Court's Final Judgment.

## SECTION SEVEN – RELEASES

1.      **Release of Claims:** Upon the Final Approval by the Court of this Settlement Agreement, and except as to such rights or claims as created by this Settlement Agreement, the following releases will be in effect:

        a.              Class Release. For and in consideration of the mutual promises contained herein, Plaintiffs, the Settlement Class and each member of the Settlement Class fully and finally release and discharge Network Solutions, and each of its respective past or present officers, directors, shareholders, members, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, executors, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys ("Released Parties"), from any and all claims, known and unknown, arising from or related to Network Solutions' automatic registration, for a limited time, of any domain name for which a name availability search was made (referred to by Network Solutions and hereafter as its "purported Customer Protection Measure"), under any state or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of damages, penalties, attorneys' fees or injunctive or other equitable relief, whether in contract, tort or pursuant to a statutory remedy, including but not limited to any claims stated in the Litigation, including, but not limited to, any of the following: (1) any claims for unfair business practices (including unlawful, deceptive or unfair business practices prohibited by the California Business and Professions Code §§ 17200, et seq.); (2) any claims for fraud or deceit; (3) any claims for negligence; and (4) any claims for unjust enrichment or restitution; and (5) any claims for aiding and abetting the aforementioned alleged unlawful acts.

OHS West:260618992.2

b.        <u>Plaintiffs' Attorneys' Release.</u> Except for the obligations expressly provided for in this Settlement Agreement, Plaintiffs' Attorneys fully and finally release, as of the Effective Date, the Released Parties from any and all claims in favor of Plaintiffs' Attorneys' Fees arising from the Litigation (the "Attorneys' Released Claims").

2.       . **Release of Unknown Claims:** These releases include any unknown claims relating to the subject matter of the claims released in Section 7(1) above that the releasing parties do not know or suspect to exist in their favor at the time of the execution of this Settlement Agreement which, if known by them, might have affected their settlement with, and release of, the Released Parties or their decision not to object to this Settlement or release. These releases include an express waiver, to the fullest extent permitted by law, of the provisions, rights and benefits of Section 1542 of the California Civil Code to the extent it is applicable (or any other similar provision under federal, state or local law, to the extent any such provision is applicable). With respect to Attorneys' Released Claims (as defined in Section 7(1)(b) above), the Plaintiffs' Attorneys shall be deemed to have, and by operation of the Final Judgment have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code to the extent it is applicable (or any other similar provision under federal, state or local law, to the extent any such provision is applicable). Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of this Settlement Agreement, even if Plaintiffs, the Settlement Class Members or Plaintiffs' Attorneys hereafter discover facts in addition to or different from those they know or believe to be true with respect to the subject matter of this release, they shall be deemed to have, and by operation of the Final Judgment, shall have, fully, finally and forever settled and released any and all of the claims released herein, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed under any theory of law or equity now existing or

coming into existence in the future with respect to the subject matter of this release as described in 7(1) above, including but not limited to conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule without regard to the subsequent discovery or existence of such different or additional facts.

## SECTION EIGHT – DUTIES OF THE PARTIES PRIOR TO FINAL APPROVAL OF THE SETTLEMENT

1.    Plaintiffs shall promptly submit this Settlement Agreement to the Court in support of Parties' Motion for Preliminary Approval and for a determination by the Court as to the Settlement Agreement's fairness, adequacy and reasonableness, scheduled to be heard subject to the calendar of the Court. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order substantially in the following form:

   a.   Scheduling a fairness hearing, or Final Approval Hearing, for a date no later than ninety (90) days following the Court's preliminary approval of the Settlement, on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable and adequate as to the members of the Class;

   b.   Approving as to form and content the proposed Notice;

   c.   Directing Network Solutions to send the Notice to members of the Class pursuant to the terms of Section Five, above; and

   d.   Preliminarily approving this Settlement Agreement.

## SECTION NINE – DUTIES OF THE PARTIES AT AND AFTER FINAL APPROVAL OF THE SETTLEMENT

1.    **Final Approval Hearing.** A Final Approval Hearing shall be set by the Court following preliminary approval of this Settlement, subject to the calendar of the Court. Plaintiffs' Attorneys will submit, drafted by Plaintiffs and approved by Network Solutions, a proposed Final Judgment and Order Approving Class Settlement and Dismissing Class Actions with Prejudice for review by the Court at the Final Approval Hearing, which shall:

Page 12 of 20

a.   Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.   Approve Plaintiffs' Attorneys application for an award of attorneys' fees;

c.   Dismiss the McElroy Action on the merits and with prejudice;

d.   Dismiss the Finseth Action on the merits and with prejudice;

e.   Bar all members of the Settlement Class from prosecuting against Network Solutions, or its respective past or present officers, directors, shareholders, members, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, executors, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys, any individual or class claims which were asserted in the Litigation, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the complaints in the McElroy Action and the Finseth Action, upon satisfaction of all payments and obligations hereunder.

2.        **Final Judgment.**  Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties shall present a Final Judgment and Order Approving Class Settlement and Dismissing Class Actions with Prejudice as to all defendants, including, without limitation, Network Solutions (the "Final Judgment").  After entry of the Final Judgment, the Court shall have continuing jurisdiction over the Litigation solely for the purposes of: (i) enforcing this Settlement Agreement; (ii) addressing settlement administration matters; and (iii) addressing such post-Final Judgment matters as may be appropriate under court rules or applicable law.

3.        **Settlement Award to the Same-Session Purchasing Sub-Class.**  Within thirty (30) days after the Effective Date of the Settlement, Network Solutions shall send a Settlement Credit via email for each Settlement Registration made by a member of the Same-Session Purchasing Sub-Class who did not opt out pursuant to Paragraph 3 of Section 6 herein.  The Settlement Credits shall be sent to the account holder email address of record in Network Solutions' customer database for the applicable Same-Session Purchasing Sub-Class member.

Page 13 of 20

4.       **Settlement Award to the Four-Day Purchasing Sub-Class.** Within thirty (30) days after the Effective Date of the Settlement, Network Solutions shall send nine dollars and ninety-one cents ($9.91) by whatever method Network Solutions deems appropriate (including, but not limited to, paper checks and credit card refunds) for each Settlement Registration made by a member of the Four-Day Purchasing Sub-Class who did not opt out pursuant to Paragraph 3 of Section 6 herein.

5.       **Return of Documents.** Within thirty (30) days after the filing of the Final Judgment, Plaintiffs' Attorneys shall return all documents received from Network Solutions. No copies shall be retained of any such document.

## SECTION TEN – VOIDING THIS SETTLEMENT AGREEMENT

1.       **Non-Approval of Material Condition.** A failure of the Court to preliminarily approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all parties herein at the option of any party. Any party may exercise its option to void this Settlement Agreement as provided above by giving notice, in writing, to the other parties and the Court at any time prior to Final Approval of the Settlement Agreement by the Court and serving that written notice in one of the manners provided for by Federal Rule of Civil Procedure 5(b).

2.       **Opt-Out Percentage.** A member of the Class may choose to opt out of the Class under the procedures described above in Section Six. If more than five percent (5%) of the Class opt out under such procedures on or before the last date within which such persons can, under such procedures, opt out of the Class, then Network Solutions shall have the option to declare this Settlement Agreement null and void if, by the date of the Final Approval Hearing, Network Solutions serves written notice of its exercise of this option on Plaintiffs' Attorneys and the Court by serving it in one of the manners provided for by Federal Rule of Civil Procedure 5(b).

OHS West:260618992.2

## SECTION ELEVEN – PUBLICITY AND NONDISPARAGEMENT

1.       This Settlement Agreement will not be made public until the Preliminary Approval Date. Any publicity will be consistent with the terms of this Settlement Agreement.

2.       The Plaintiffs and Plaintiffs' Attorneys will not make disparaging remarks about Network Solutions, and Network Solutions will not make disparaging remarks about Plaintiffs, the Class or Plaintiffs' Attorneys arising out of or relating to this Litigation and/or Settlement.

## SECTION TWELVE – PARTIES' AUTHORITY

1.       The signatories hereby represent that they are fully authorized to enter into the Settlement Agreement and bind the Parties hereto to the terms and conditions hereof, to take all appropriate action required or permitted to be taken pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

2.       It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the Class execute this Settlement Agreement. The Notice will advise all members of the Class of the binding natures of the releases described in Section Seven above and, as such, shall have the same force and effect as if this Settlement Agreement were executed by each member of the Class.

## SECTION THIRTEEN – MUTUAL AND FULL COOPERATION

1.       The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.

2.       The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Attorneys shall, with the

Page 15 of 20

assistance and cooperation of Network Solutions and its counsel, take all steps necessary to secure the Court's Final Approval of this Settlement Agreement.

## SECTION FOURTEEN – NO ADMISSION

1.     Network Solutions denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect or has any liability to anyone under the claims asserted in the Litigation.

2.     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Network Solutions.  Each of the Parties hereto has entered into this Settlement Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expense and the Parties expressly acknowledge that this Settlement Agreement is entered into for the purpose of compromise with nothing herein being construed as an admission of liability or wrongdoing by Network Solutions.

3.     Solely for the purposes of this Settlement, the Parties stipulate and agree to the certification of a class consisting of the identified members of the Class pursuant to Federal Rule of Civil Procedure 23, upon the terms and conditions set forth in this Settlement Agreement. Nothing in this Settlement Agreement will be construed as an admission or acknowledgment of any kind that any class should be certified or given collective treatment in the Litigation or in any other action or proceeding.

4.     This Settlement Agreement is a settlement document and, along with any document prepared in connection with the Settlement, shall, pursuant to California Evidence Code § 1152,Federal Rule of Evidence 408, or any other applicable statute, be inadmissible in evidence in any proceeding.  This shall not apply, however, to an action or proceeding to approve, interpret or enforce the Settlement Agreement.

## SECTION FIFTEEN – MISCELLANEOUS PROVISIONS

a.          **Headings and Captions.** Section headings or titles or captions contained herein

are inserted as a matter of convenience and for reference, and do not constitute a part of this Settlement Agreement or in any way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

b.　　**Notices.** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given of the third business day after mailing by United States mail, addressed as follows:

To the Class or any Plaintiff:

> Brian S. Kabateck
> Richard L. Kellner
> Alfredo Torrijos
> Kabateck Brown Kellner LLP
> 644 South Figueroa Street
> Los Angeles, CA  90017

and

> Daniel G. Whalen
> Paul A. Traina
> Gregory P. Waters
> Engstrom, Lipscomb & Lack, P.C.
> 10100 Santa Monica Boulevard, 12th Floor
> Los Angeles, CA  90067

To Network Solutions:

> D. Barclay Edmundson, Esq.
> Valerie M. Goo, Esq.
> Orrick, Herrington and Sutcliffe LLP
> 777 South Figueroa Street, Suite 3200
> Los Angeles, CA  90017

c.　　**Waiver of Appeal.** The Plaintiffs, individually and as representatives of the Class, claimants and members of the Class, all attorneys for Plaintiffs and the Class, Network Solutions and all attorneys for Network Solutions hereby waive any and all rights to appeal, this waiver being contingent upon the Court entering a Final Judgment that is consistent with the terms set forth in this Agreement. This waiver includes waiver of all rights to any post-judgment

Page 17 of 20

OHS West:260618992.2

proceeding and appellate proceeding, including but not limited to motions to vacate judgment, motions for new trial and extraordinary writs. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings, if any.

d.         **Construction.** The Parties believe that this is a fair, reasonable and adequate Settlement and agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that the Parties have cooperated in the drafting and preparation of this Settlement Agreement. This Settlement Agreement shall not be construed in favor or against any party by reason of the extent to which any party or their counsel participated in the drafting of this Settlement Agreement.

e.         **Choice of Law.** All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

f.         **Integration.** This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation and the causes of action and defenses asserted therein, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

g.         **Modification.** This Settlement Agreement and any and all parts of it may not be amended, changed, altered, modified or waived except in an express writing signed by the parties hereto and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

h.         **No Prior Assignment.** This Settlement Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, trustees, executors, administrators and successors. The parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

Page 18 of 20

i.        **Enforcement Actions.** The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection herewith. In the event that one or more of the parties to this Settlement Agreement institutes any legal action, arbitration or other proceeding against any other party or parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

j.        **Counterparts.** This Settlement Agreement may be executed in one or more counterparts and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all parties. Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Settlement Agreement.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Settlement Agreement as of the date indicated below.

PLAINTIFFS AND PLAINTIFFS' ATTORNEYS

Dated: _____March 30_____, 2009          *Chris McElroy*
                                          _____
                                          Chris McElroy
                                          Class Representative

Dated: _____, 2009             _____
                                          Todd Matzke
                                          Class Representative

Dated: _____, 2009             KABATECK BROWN KELLNER LLP

                                          _____

                                          By: _____
                                          Class Counsel for McElroy and Matzke

Page 19 of 21

OHS West:260516144.3

i.        **Enforcement Actions.**  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection herewith.  In the event that one or more of the parties to this Settlement Agreement institutes any legal action, arbitration or other proceeding against any other party or parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

j.        **Counterparts.**  This Settlement Agreement may be executed in one or more counterparts and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all parties.  Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Settlement Agreement.

**IN WITNESS WHEREOF,** the undersigned have duly executed this Settlement Agreement as of the date indicated below.

PLAINTIFFS AND PLAINTIFFS' ATTORNEYS

Dated: _____, 2009

Chris McElroy
Class Representative

Dated: __4/8/09__, 2009

Todd Matzke
Class Representative

Dated: _____, 2009

KABATECK BROWN KELLNER LLP

By: _____

Page 19 of 21

i.        **Enforcement Actions.** The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection herewith.  In the event that one or more of the parties to this Settlement Agreement institutes any legal action, arbitration or other proceeding against any other party or parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

j.   .        **Counterparts.** This Settlement Agreement may be executed in one or more counterparts and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all parties.  Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below.

PLAINTIFFS AND PLAINTIFFS' ATTORNEYS

Dated: _____, 2009    _____
                                 Chris McElroy
                                 Class Representative

Dated: _____, 2009    _____
                                 Todd Matzke
                                 Class Representative

Dated: ____4/10____, 2009    KABATECK BROWN KELLNER LLP

                                 By: Brian S. Kabateck

OHS West:260618992.2

Dated: _____, 2009        KABATECK BROWN KELLNER LLP

                                     _____

                                     By: _____
                                     Class Counsel for McElroy and Matzke

Dated: 29 MAR _____, 2009

                                     James Lee Finseth
                                     Class Representative

Dated: 3/30/09 _____, 2009       ENGSTROM, LIPSCOMB & LACK, P.C.A.

                                     By: _____
                                     Class Counsel for Finseth

DEFENDANTS AND DEFENDANTS' ATTORNEYS

Dated: _____, 2009

                                     _____
                                     Network Solutions, LLC
                                     By: _____
                                     Its: _____

Dated: _____, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                     _____
                                     VALERIE M. GOO, ESQ
                                     Attorneys for Network Solutions, LLC

#313434

OHS West:260618992.2

Dated: _____, 2009          KABATECK BROWN KELLNER LLP

                                       _____

                                       By: _____
                                       Class Counsel for McElroy and Matzke


Dated: _____, 2009          _____

                                       James Lee Finseth
                                       Class Representative


Dated: _____, 2009          ENGSTROM, LIPSCOMB & LACK, P.C.A.

                                       _____

                                       By: _____
                                       Class Counsel for Finseth


DEFENDANTS AND DEFENDANTS' ATTORNEYS

Dated: 3/16 _____, 2009           _____
                                       Network Solutions, LLC
                                       By: RDy Dunbar
                                       Its: Chief Executive Officer


Dated: March 19 _____, 2009       ORRICK, HERRINGTON & SUTCLIFFE LLP

                                       _____
                                       VALERIE M. GOO, ESQ
                                       Attorneys for Network Solutions, LLC


#313434


Page 20 of 20


OHS West:260618992.2

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

In The Matters of

*McElroy v. Network Solutions LLC, et. al*, Case No. CV 08-01247 PSG (VBKx)
*Finseth v. Network Solutions LLC*, Case No. CV 08-01537 PSG (VBKx)

## LIST OF CLASS MEMBERS WHO HAVE OPTED OUT

| | NAME | ADDRESS | DATE OPT OUT RCVD |
|---|---|---|---|
| 1 | John E. Bissell, PhD | John E. Bissell, PhD<br>P.O. Box 2689<br>Arizona City, AZ 85223-2689 | 05/01/09 |
| 2 | Power to Change Ministries | Kim Norcross<br>Power to Change Ministries<br>20385 64th Ave.<br>Langley, BC, Canada<br>V2Y 1N5 | 05/04/09 |
| 3 | Coveros, Inc. | Dave Burke<br>Coveros, Inc.<br>620 Herndon Parkway, Suite 200<br>Herndon, VA 20170 | 05/04/09 |
| 4 | Olivier L.F. Asser | Olivier L.F. Asser<br>5507 East Bavarian Pass<br>Fridley, MN  55432-6015 | 05/04/09 |
| 5 | Danut J. Spataru | Danut J. Spataru<br>211-7495 Sandborne Ave.<br>Burnaby, BC, Canada<br>V3N 4V4 | 05/05/09 |
| 6 | Harry V. Lalor | Harry V. Lalor<br>11525 Seneca Woods Court<br>Great Falls, VA 22066 | 05/11/09 |
| 7 | Seon Afia Ricks | Seon Afia Ricks<br>3530 Piedmont Road NE No. 3H<br>Atlanta, GA 30305 | 06/11/09 |
| 8 | Guaranty Bank | Address 1:<br>Jacob Martinez<br>Guaranty Bank<br>1300 S. Mopac Expressway<br>Austin, TX 78746 | 06/22/09 |

| | NAME | ADDRESS | DATE OPT OUT RCVD |
|---|---|---|---|
| | | Address 2:<br>Jacob Martinez<br>Guaranty Bank<br>8333 Douglas Ave.<br>Dallas, TX 75225 | |
| 9 | Ace Supply Company Inc. | Glenda Davis<br>Ace Supply Company Inc.<br>4540 Buford Highway, Suite 115<br>Norcross, GA 30071 | 07/13/09 |
| 10 | CHS Inc. | Lisa A. Zell<br>CHS Inc.<br>5500 Cenex Drive<br>Inver Grove Heights, MN 55077 | 07/15/09 |
| 11 | Cyber Criminals Most Wanted LLC | Victoria Roddel<br>Cyber Criminals Most Wanted LLC<br>P.O. Box 2878<br>La Belle, FL 33975 | 07/14/09 |
| 12 | Weston Foods, Inc. | Neal Hewitt<br>Weston Foods, Inc.<br>22 St. Clair Ave. East, Suite 1901<br>Toronto, Ontario, Canada<br>M4T 2S7 | 07/31/09 |
| 13 | Modern Woodmen | Peter C. Doyle<br>Modern Woodmen<br>1701 1st Ave.<br>Rock Island, IL 61201 | 07/31/09 |
| 14 | ifri | Valerie Genin<br>ifri<br>27, rue de la Procession<br>75740 Paris Cedex 15<br>France | 08/03/09 |
| 15 | C& T Publishing | Sara Knops<br>C& T Publishing<br>1651 Challenge Dr.<br>Concord, CA 94520 | 08/05/09 |
| 16 | Henry F. Wells aka Buddy Wells | Henry F. Wells aka Buddy Wells<br>45 Cedar Ave.<br>Crawfordville, FL 32327 | 08/11/09 |

PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 12th Floor, Los Angeles, California 90067-4107. On October 23, 2009, I served the foregoing document described as **[PROPOSED] JUDGMENT ON CLASS ACTION SETTLEMENT** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

** SEE ATTACHED SERVICE LIST **

_____ (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same date in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee(s).

**X** **(BY ELECTRONIC TRANSFER)** I caused all of the pages of the above-entitled documents to be sent to the recipients noted above via electronic transfer (ECF) at the respective email addresses indicated above on the attached service list. This document was transmitted by email and transmission reported without error.

_____ (BY FEDERAL EXPRESS) I caused such envelope to be delivered to Federal Express for overnight courier service to the offices of the addressee(s).

_____ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**X** **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 23, 2009 at Los Angeles, California.

/s/
_____
ZANIDA SAMUELS

1

2
**SERVICE LIST**

3
*James Lee Finseth, et al. v. Network Solutions, LLC*
USDC, Central District Case No. CV 08-01537 PSG (VBKx)

4

5
D. Barclay Edmundson, Esq.
bedmunson@orrick.com

6
Valerie M. Goo, Esq.
vgoo@orrick.com

7
Seth E. Freilich, Esq.
sfreilich@orrick.com

8
Dimitrios V. Korovilas, Esq.
dimitrios.korovilas@orrick.com

9
ORRICK, HERRINGTON & SUTCLIFFE LLP

10
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017

11
Tel: (213) 629-2020; Fax: (213) 612-2499

12
Attorneys for Defendant NETWORK SOLUTIONS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28